**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WENQIN SUN,

*Petitioner,*

v.

MICHAEL B. MUKASEY, Attorney
General,

*Respondent.*

No. 06-74450

Agency No.
A079-592-229

WENQIN SUN,

*Petitioner,*

v.

MICHAEL B. MUKASEY, Attorney
General,

*Respondent.*

No. 07-70691

Agency No.
A079-592-229

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
October 21, 2008—San Francisco, California

Filed February 9, 2009

Before: Mary M. Schroeder, Dorothy W. Nelson, and
Stephen Reinhardt, Circuit Judges.

Opinion by Judge Schroeder

**COUNSEL**

Drew Sieminski, Oakland, California, for the petitioner.

Jem C. Sponzo, Washington, D.C., for the respondent.

**OPINION**

SCHROEDER, Circuit Judge:

Petitioner Wenqin Sun is a native and citizen of China, and she is also a battered spouse. The Board of Immigration

Appeals ("BIA") affirmed the Immigration Judge's ("IJ's") denial of asylum, withholding of removal, and relief under the Convention Against Torture, and entered a final order of removal in 2004. Sun did not seek review of that decision and now seeks review of the BIA's denial, on timeliness grounds, of her motion to reopen removal proceedings on the basis of her successful application to qualify for an adjustment of status under the Violence Against Women Act ("VAWA"), 8 U.S.C. § 1154. Her motion to reopen was not filed within the year provided for in 8 U.S.C. § 1229a(c)(7)(C)(iv)(III) because of errors of counsel. She seeks review of the BIA's rulings that: (1) she did not adequately show her first lawyer was ineffective; and (2) she did not act diligently to obtain new counsel after becoming aware of the first lawyer's omissions. Sun also seeks review of the BIA's denial of her motion for reconsideration of its previous decision, which the BIA also denied after finding that Sun failed to specify any errors of fact or law that would justify reversing the earlier decision.

As a threshold matter, we must address the government's contention that we should not consider Sun's petition for review because she failed to appear on the date set for her removal and is for that reason a "fugitive from justice" without entitlement to review in this court. The fugitive disentitlement doctrine developed to prevent appellate review for escapees from the criminal justice system. Regardless of Sun's conduct at the time she was ordered to report for removal, she is not now a fugitive from justice, and there is, therefore, no reason for us to treat her as if she were by refusing to consider her petition for review in this court.

We therefore examine the bases for the BIA's rulings and grant the petitions for review. Regardless of the Board's holding that Sun fell short of the strict requirements for establishing ineffective assistance of counsel under *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), Sun acted diligently in retaining new counsel and is entitled to the benefit of the equitable tolling doctrine. *See Iturribarria v. INS*, 321 F.3d

889, 897-99 (9th Cir. 2003). We remand to the BIA for consideration of the merits of Sun's motion to reopen. We also hold that the BIA should have granted Sun's motion to reconsider, because Sun clearly pointed out the factual error underlying the BIA's denial of her motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1).

## I. Fugitive disentitlement

**[1]** The government contends that Sun's petition for review should be dismissed on the basis of the fugitive disentitlement doctrine, which was developed over a century ago to allow appellate courts to dismiss the appeals of convicted criminals who have fled. *Smith v. United States*, 94 U.S. 97 (1876). Under the doctrine, a fugitive is precluded from appellate review "as an appropriate sanction" when he remains at large during "the ongoing appellate process." *Ortega-Rodriguez v. United States*, 507 U.S. 234, 242 (1993). The "paradigmatic object of the doctrine is the convicted criminal who flees while his appeal is pending." *Antonio-Martinez v. INS*, 317 F.3d 1089, 1092 (9th Cir. 2003).

**[2]** In the immigration context, we have dismissed petitions for review by aliens who have fled custody and cannot be located when their appeals come before this court. *See, e.g.*, *id.* at 1091-93 (petitioner had been missing and out of touch with his attorney for two years); *Hussein v. INS*, 817 F.2d 63, 63 (9th Cir. 1987) (petitioner had escaped from federal immigration detention facility and was at large). Other circuits that have considered the issue have also applied the doctrine to fugitive aliens under similar circumstances. *See, e.g.*, *Martin v. Mukasey*, 517 F.3d 1201, 1203-04 (10th Cir. 2008); *Gao v. Gonzales*, 481 F.3d 173, 175-77 (2d Cir. 2007); *Garcia-Flores v. Gonzales*, 477 F.3d 439, 441-42 (6th Cir. 2007); *Sapoundjiev v. Ashcroft*, 376 F.3d 727, 728-30 (7th Cir. 2004); *Arana v. INS*, 673 F.2d 75, 76-77 (3d Cir. 1982) (per curiam).

No court has ever applied the doctrine to an alien whose whereabouts are known and who has not fled from custody. This is the first case in this circuit to consider the applicability of the doctrine in such circumstances. We therefore look to the justifications offered to support its application.

Where the doctrine may apply, the court has some discretion to decide whether to apply it. *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1054-55 (9th Cir. 1991). Two justifications frequently advanced in support of dismissal on a fugitive disentitlement theory are: (1) the pragmatic concern with ensuring that the court's judgment will be enforceable against the appellant; and (2) the equitable notion that a person who flouts the authority of the court waives his entitlement to have his appeal considered. *See Ortega-Rodriguez*, 507 U.S. at 240; *Antonio-Martinez*, 317 F.3d at 1092.

**[3]** In light of these concerns, we must conclude that the critical question the court must ask when deciding whether to apply the fugitive disentitlement doctrine is whether the appellant is a fugitive at the time the appeal is pending. The Supreme Court has held that for disentitlement to be appropriate, there must be "some connection between a defendant's fugitive status and the appellate process." *Ortega-Rodriguez*, 507 U.S. at 244. Thus dismissal is not warranted even in the case of a former fugitive, if his "fugitive status at no time coincides with his appeal." *Id.*

**[4]** Although Sun did not report for removal from the United States in August of 2004, as ordered by the BIA, that failure does not make her a fugitive now, during the pendency of her petition to review the BIA's denial of reopening. Sun's whereabouts are known to her counsel, DHS, and this court. Because Sun is not currently a fugitive, and has not been a fugitive at least since the time she first filed a petition for review with this court, we hold it would be inappropriate to apply the fugitive disentitlement doctrine to dismiss Sun's

case. We will consider the merits of her appeal, which relate to the timeliness of her motion to open removal proceedings.

## II.   Timeliness

We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's denial of Sun's motion to reopen, because the Board's determination that an alien has failed to provide a sufficient justification for an untimely motion presents a mixed question of fact and law, rather than a discretionary determination, as urged by the government. *See Ghahremani v. Gonzales*, 498 F.3d 993, 998-999 (9th Cir. 2007). We turn to the merits of Sun's arguments.

Sun's problems all stem from the fact that she retained two lawyers: one to handle her successful VAWA petition, and the other to handle her unsuccessful efforts to seek relief from removal through asylum. According to Sun, the lawyer handling the VAWA adjustment in 2003 told her to forget about applying to the courts for relief, even though the IJ already ordered her removed and the removal order was pending on appeal to the BIA. When the BIA denied the appeal in January 2004, Sun was required to move to reopen the proceeding to seek adjustment of status under VAWA within one year of that BIA ruling. 8 U.S.C. § 1229a(c)(7)(C)(iv)(III). Her VAWA attorney did not do so, and neither did her asylum attorney.

Sun's VAWA attorney was apparently under the mistaken impression that the VAWA petition had to have been granted before Sun could seek to reopen removal proceedings. The statute, however, requires only that the application be attached to the motion. 8 U.S.C. § 1229a(c)(7)(C)(iv)(II). Sun's lawyer could, therefore, have moved to reopen as soon as the BIA ruled in 2004, because the VAWA petition was then pending.

The VAWA petition was approved in July 2005, and on January 26, 2006, Sun received an interview notice regarding

her application for VAWA adjustment of status. She immediately obtained new counsel, who moved to reopen in February 2006, more than two years after the BIA's decision denying her appeal.

In the motion to reopen, Sun asked that the delay be excused on the grounds of ineffective assistance of her original VAWA counsel or, in the alternative, on the grounds of equitable tolling, which applies when a petitioner acts promptly after discovering counsel's error. *Iturribarria*, 321 F.3d at 897.

The BIA denied the claim of ineffective assistance of counsel because of Sun's failure to comply with the strict requirements laid down by the Board in *Matter of Lozada*, 19 I. & N. Dec. at 637, and generally upheld by this court, *see, e.g.*, *Castillo-Perez v. INS*, 212 F.3d 518, 525-27 (9th Cir. 2000). The BIA was troubled by Sun's failure to delineate the precise contours of her agreement with her original VAWA attorney, although it appears from her unsworn letter to the California State Bar, complaining about her attorney's errors, that her attorney was aware of the pending removal proceedings and improperly ignored them.

**[5]** Whatever the failings of counsel, however, we need not address ineffectiveness of counsel in this case. This is because in denying relief on the alternative ground of equitable tolling, the BIA, when it concluded that Sun had not acted diligently in retaining new counsel to file a motion to reopen, made an erroneous factual assumption. The BIA assumed that Sun must have received the interview notice before her VAWA petition was approved in 2005, so the BIA believed she had waited more than six months to obtain new counsel and seek reopening. In fact, however, the interview notice did not relate to the grant of the VAWA petition. It pertained to her application for adjustment of status, for which the grant of the VAWA petition was a prerequisite. 8 U.S.C. § 1255(a). The interview notice is clearly dated January 26, 2006, and sets an

interview date of February 14, 2006. In responding to the notice, Sun stated that her attorney needed time to prepare, and her new attorney filed the motion to reopen within two weeks of Sun's response.

**[6]** Accordingly, Sun acted with admirable diligence after retaining new counsel, who immediately recognized the errors of his predecessors. She is entitled to equitable tolling under the principle we laid down in *Iturribarria*, in which we held that equitable tolling applies "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." 321 F.3d at 897.

**[7]** Thus, in this case, Sun is entitled to a tolling of the one-year limitation period until she met with present counsel in connection with the January 26, 2006 interview notice and became aware of her prior counsel's legal errors. *See id.* The record plainly demonstrates that Sun retained present counsel after receiving the interview notice in late January 2006, and filed her motion to reopen less than one month later. There was no meaningful delay or lack of due diligence. Sun qualifies for equitable tolling, and the BIA must act upon her application for adjustment of status.

Petition GRANTED.