MEMORANDUM *
Gurpreet Singh Brar, a native and citizen of India, petitions for review of the decision by the Board of Immigration Appeals (“BIA”) denying his motion to reopen his removal proceedings in light of changed country conditions. The BIA denied the motion, because (1) the motion was untimely; (2) Brar failed to establish prima facie eligibility for relief; and alternatively, (3) Brar failed to report for deportation, therefore barring him relief under the Fugitive Disentitlement Doctrine. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition.
The time limitation for a motion to reopen does not apply to proceedings based on evidence of changed circumstances arising in the country of nationality, if the material evidence was not available and could not have been discovered or presented at the former hearing. See 8 C.F.R. § 1003.2(c)(3)(ii); Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir.2004).
Here, Brar submitted affidavits and evi-dentiary materials to support his motion to reopen. The BIA, however, did not consider Brar’s newly submitted documents, because he did not submit an affidavit himself. We find no authority for this proposition. Therefore, we remand this issue to the BIA for it to review, in the first instance, whether Brar produced evidence (1) that conditions have changed, (2) that is material, (3) that was not available and would not have been presented at the previous hearing, and (4) that would demonstrate prima facie eligibility when considered with the evidence from the previous hearing. See Toufighi v. Mukasey, 538 F.3d 988, 996 (9th Cir.2008).
The government argues that Brar did not meet his burden of showing changed country conditions; however, the BIA did not specifically address the documents Brar submitted. Therefore, we cannot affirm the BIA on a ground which it did not rely. See Navas v. INS, 217 F.3d 646, 658 n. 16 (9th Cir.2000) (“[T]his court cannot affirm the BIA on a ground upon which it did not rely.”)
The BIA alternatively denied Brar’s motion to reopen, because he did not report for removal and was therefore barred relief under Fugitive Disentitlement Doctrine. The BIA referenced the Fugitive Disentitlement Doctrine as a basis for its decision. The BIA did not provide any other discretionary basis for its denial. We conclude this reasoning was error. The Fugitive Disentitlement Doctrine does not apply when, as here, there is no evidence that the petitioner was in hiding or had fled to avoid deportation. See Sun v. Mukasey, 555 F.3d 802, 804 (9th Cir.2009) (“No court has ever applied the doctrine to an alien whose whereabouts are known and who has not fled from custody.”). We therefore reverse the BIA’s denial of the motion to reopen on the basis of the Fugitive Disentitlement Doctrine.
PETITION FOR REVIEW GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.