CALLAHAN, Circuit
Judge, dissenting:
As the majority recognizes, our review of the BIA’s decision is for abuse of discretion. Here, the BIA’s determination that Avagyan failed to exercise due diligence was not an abuse of discretion. Accordingly, I respectfully dissent.
Equitable tolling is a rare remedy to be applied only in “extraordinary circumstances,” and not to “a garden variety claim of excusable neglect.” See Holland v. Florida, — U.S. —, 130 S.Ct. 2549, 2564, 177 L.Ed.2d 130 (2010). Even assuming that Avagyan reasonably relied on the alleged ineffective assistance, this does not excuse her failure, under the circumstances presented, to take any action for ten months after the BIA denied her appeal before consulting with current counsel.
The majority notes, and I agree, that by the time the BIA denied Avagyan’s appeal, Avagyan was on notice that she had received ineffective “representation” from Spence, Martinez and Gevorg about her asylum claim. The BIA could reasonably draw the same conclusion concerning her immediate relative visa petition. Even accepting that Avagyan initially could rely on Gevorg’s advice that she needed to wait until her visa petition was approved before applying for adjustment of status, the BIA’s order finalizing her removal reasonably put her on notice to question that advice — particularly because the same “lawyer,” Gevorg, was helping Avagyan with both her asylum claim and her immediate relative visa petition. Cf. Sun v. Mukasey, 555 F.3d 802 (9th Cir.2009) (petitioner retained two different lawyers, “one to handle her successful [petition under the Violence Against Women Act] and one to handle her unsuccessful efforts to seek relief from removal through asylum”). However, Avagyan did nothing for ten months. Although the BIA may not have been compelled to conclude that Avagyan’s failure to act reflected a lack of due diligence, the BIA could reasonably so conclude.[1]
*684 Avagyan’s case is sympathetic, given her advanced age and her United States citizen daughter. This, however, does not entitle her to relief under the law. Although she was the victim of ineffective assistance from attorneys and others regarding her removal proceedings, there came a time when she had notice of the fraud against her, and was required to act with due diligence. Avagyan did not act promptly; in fact, she failed to act for ten months. The majority’s insistence that the BIA was compelled to grant Avagyan relief, does a disservice by suggesting that an immigrant who has received a final order of removal may simply wait for ten months, without doing anything at all and still obtain relief.
There must be some outer limit on equitable tolling for filing motions to reopen; otherwise, such motions could be filed indefinitely. Under the circumstances presented here, in light of Avagyan’s unexplained inaction for ten months, the BIA’s conclusion that Avagyan failed to exercise due diligence is not an abuse of discretion.[2] Accordingly, I respectfully dissent.
Furthermore, because I believe that Avagyan is not entitled to relief, and that the government’s position is substantially justified, I would not award attorneys’ fees to Avagyan but would have each side bear its own costs. See Equal Access to Justice Act (“EAJA”), 28 U.S.C. § 2412.

. Contrary to the majority's suggestion, there is no evidence that the BIA failed to consider Avagyan's arguments with respect to her adjustment of status claim. The BIA considered Avagyan's arguments about asylum and adjustment of status — which were presented together, rather than separately, in her motion to reopen — and then determined that Avagyan had failed to explain her delay in seeking new counsel. There is no indication that the BIA's determination was limited to Avagyan’s arguments about her asylum petition, and failed to cover her arguments about adjustment of status. The BIA did not abuse its discretion in not providing further explanation for its decision.

. Notwithstanding the majority’s comments to the contrary, I do not suggest that there is a per se rule for the amount of time allowed on equitable tolling. Each case is evaluated in context and in light of the particular circumstances presented. It may well be that in some rare instances, a petitioner who waits for over six years — while continuously following up with his “attorney” during that time — • is entitled to equitable tolling because he acted with due diligence and waiting was reasonable under the particular circumstances presented. See Mejia-Hernandez v. Holder, 633 F.3d 818, 825 (9th Cir.2011). However, on the facts presented here, the BIA could conclude (although it did not have to) that waiting for ten months after the final denial of relief was not reasonable.