**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50010 |
| Plaintiff - Appellee, | D.C. No. 3:04-cr-01650-LAB-1 |
| v. | |
| LEILANI QUINTOS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted December 4, 2012
Pasadena, California

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

Leilani Quintos challenges various aspects of her revocation hearing and

subsequent sentence. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We

now dismiss her appeal pursuant to the fugitive disentitlement doctrine.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

Under the fugitive disentitlement doctrine, this court may dismiss a defendant's appeal where she "remains at large during the ongoing appellate process." *Sun v. Mukasey*, 555 F.3d 802, 804 (9th Cir. 2009) (internal quotations and citation omitted). To determine whether to apply the doctrine, "the critical question" this court "must ask . . . is whether the appellant is a fugitive at the time the appeal is pending." *Id.* at 805. Still, "[t]he doctrine is equitable, not jurisdictional," and its "application is discretionary." *See United States v. Gonzalez*, 300 F.3d 1048, 1051 (9th Cir. 2002). Thus, the court should also consider whether dismissal would advance the doctrine's purposes. *Id.*

Here, Quintos failed to report to probation as directed after the court sentenced her to time served and three years of supervised release. When the probation officer contacted Quintos's attorney and attempted to obtain Quintos's contact information, Quintos's attorney stated that he had also been unable to reach Quintos. No officer of the court, including her attorney, heard from Quintos for nearly two years prior to oral argument in this court. Although Quintos apparently contacted her attorney just before argument was heard, her location remains undisclosed and she has not reported to probation. These facts tend to show that Quintos "has fled or hidden [herself] from the jurisdiction of the court," *id.* at 1051, and is thus currently a fugitive. Because we are convinced that dismissal

2

here would advance the purposes of the fugitive disentitlement doctrine, Quintos's appeal is

**DISMISSED.**