**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLGA TOVASHOVA and ARTEM ARTAMONOV,<br><br>　　　　　Petitioners,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　Respondent. | No. 10-70381<br><br>Agency Nos.　　A098-669-184<br>　　　　　　　　A094-822-089<br><br><br>ORDER DISMISSING APPEAL[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2013[**]
San Francisco, California

Before: HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

Olga Tovashova and Artem V. Artamonov (collectively, "petitioners")

petition for review of a decision by the Board of Immigration Appeals affirming an

immigration judge's denial of asylum, withholding of removal, and protection

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture. During the appeal, however, petitioners absconded from intensive supervision by the Department of Homeland Security (DHS). Respondent Eric H. Holder moves to dismiss the petition under the fugitive disentitlement doctrine. We exercise our discretion to grant the motion and dismiss the petition.

The fugitive disentitlement doctrine "is a discretionary sanction courts can impose 'to prevent appellate review for escapees from the criminal justice system.'" *Mamigonian v. Biggs*, 710 F.3d 936, 940 (9th Cir. 2013) (quoting *Sun v. Mukasey*, 555 F.3d 802, 804 (9th Cir. 2009)). The doctrine has been applied in the immigration context to deny "appellate relief for aliens who have fled custody and cannot be located at the time their appeals are pending." *Mamigonian*, 710 F.3d at 940 (internal quotation marks omitted). In determining whether to apply the doctrine, we have considered two factors: "(1) the pragmatic concern with ensuring that the court's judgment will be enforceable against the appellant; and (2) the equitable notion that a person who flouts the authority of the court waives his entitlement to have his appeal considered." *Sun*, 555 F.3d at 804–05.

Applying these considerations, we conclude that dismissal is appropriate under the circumstances of this case.

On June 15, 2010, we denied petitioners' request to stay removal. The DHS subsequently placed petitioners in the Intensive Supervision Appearance Program (ISAP) with Global Position System (GPS) monitoring bracelets. On February 19, 2013, the DHS removed Tovashova's GPS monitoring bracelet, but required her to report telephonically, appear in person weekly at the DHS office, and allow random home visits every four weeks. The DHS imposed the same reporting requirements on Artamonov in addition to monitoring him via a GPS bracelet.

On July 18, 2013, after the Russian consulate notified the DHS that passports had been issued for petitioners, ISAP Officer Caceres visited petitioners at their home. Officer Caceres informed petitioners that they must report to the DHS office the next day and that Tovashova would be placed back on GPS monitoring. However, rather than report as ordered the next day, petitioners absconded. The DHS received a tamper alert on Artamonov's GPS bracelet and when DHS officers arrived at petitioners' home, they found the bracelet in a box on the front porch with Officer Caceres's name on it. The DHS's subsequent efforts to contact petitioners were unsuccessful.

In September 2013, respondent notified petitioners' counsel that it intended to file a motion to dismiss this appeal. In response, petitioners' counsel acknowledged that petitioners were evading the DHS but gave no indication of

3

their whereabouts. Even after we ordered petitioners to respond to respondent's motion, petitioners still failed to take any steps to bring themselves into compliance with the conditions of supervision by the DHS, other than to file "change of address" forms with the U.S. Citizenship and Immigration Services on October 7, 2013. These forms did not reflect any real "change," as petitioners' "new" address is identical to their old address. Indeed, there is no indication that they have made any attempt to contact the DHS to surrender. That petitioners have notified the DHS that they are now at their former residence does not make them any less fugitives. *Compare Sapoundjiev v. Ashcroft*, 376 F.3d 727, 729–30 (7th Cir. 2004) (dismissing the petition even when the petitioners' address was known because they continued to remain fugitives by failing to surrender and by maintaining that they were entitled to wait for the agents to arrest them), *with Mamigonian*, 710 F.3d at 940–41 (declining to dismiss the appeal where, after absconding, the petitioner contacted ICE and was placed on electronic monitoring).

We are troubled by petitioners' actions. Not only did they flout the authority of the court, they failed to bring themselves into compliance with the conditions of intensive supervision despite knowing that respondent's motion to dismiss was pending. Their actions are such that we have little confidence that they would comply with an unfavorable ruling on their petition. Accordingly, we exercise our

4

discretion to grant the motion to dismiss pursuant to the fugitive disentitlement doctrine.

**PETITION DISMISSED.**