**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR HUGO ALVARADO CORTEZ, | No. 09-70345 |
| Petitioner, | Agency No. A070-781-971 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 7, 2015
Pasadena, California

Before: REINHARDT, McKEOWN, and M. SMITH, Circuit Judges.

Victor Hugo Alvarado Cortez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' denial of his motion to reopen his

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

abuse of discretion.  *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 857 (9th Cir. 2004).  We grant the petition and remand to the BIA.

We recognize equitable tolling of deadlines on motions to reopen "during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error."  *Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003).  The BIA either misunderstood or failed to consider the time sequence of Alvarado Cortez's contacts and follow up with One Stop Immigration Services as explained in the statement submitted with his appeal brief.  We remand so that the BIA may "consider and address in its entirety the evidence submitted" to support Alvarado Cortez on this issue.  *Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir. 2007) (quoting *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005)); *see also Sun v. Mukasey*, 555 F.3d 802, 806 (9th Cir. 2009) (granting petition where the BIA made an erroneous factual assumption in its diligence analysis).

The BIA's decision on whether the conduct of the "notario" at One Stop Immigration Services constitutes "exceptional circumstances" was based on *In re Compean, Bangaly & J-E-C-* (*Compean I*), 24 I. & N. Dec. 710 (A.G. 2009), *vacated by In re Compean, Bangaly & J-E-C-* (*Compean II*), 25 I. & N. Dec. 1, 3

(A.G. 2009).  In light of the vacation of *Compean I*, we remand for consideration under current standards.[1]

Finally, the BIA did not discuss Alvarado Cortez's fear of future persecution based on his religious belief.  *See Maravilla Maravilla*, 381 F.3d at 858 (requiring the BIA to "indicate with specificity that it heard and considered petitioner's claims").  We also remand for consideration of this claim.[2]

**PETITION GRANTED; REMANDED**.

---

[1] To the extent that the BIA relied on our decision in *Hernandez v. Mukasey*, 524 F.3d 1014 (9th Cir. 2008), it failed to consider whether the "notario" on whom Alvarado Cortez relied was an agent of an attorney, whether Alvarado Cortez believed that the "notario" on whom he relied was an attorney or an agent of an attorney, or whether this case is otherwise distinguishable from *Hernandez*.

[2] Alvarado Cortez's motion to take judicial notice is denied as moot.