**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGRID YANETH MARTINEZ DEL CID, <br><br>        Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br>        Respondent. | No. 13-71120 <br><br> Agency No. A072-683-612 <br><br> MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2016
Resubmitted June 13, 2016
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit
Judges.

Ingrid Yaneth Martinez Del Cid, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals's ("BIA") denial of her motion to

reopen removal proceedings as untimely. We have jurisdiction pursuant to 8

---

     <sup>*</sup>     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

U.S.C. § 1252, and review the denial of a motion to reopen removal proceedings for abuse of discretion. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We grant the petition for review.

I

Both the temporal and numerical limitations on motions to reopen are subject to equitable tolling. *Iturribarria*, 321 F.3d at 897. To establish eligibility for equitable tolling due to ineffective assistance of counsel, a petitioner must establish first that counsel's "deception, fraud, or error" prevented the procedurally valid filing and, second, that the petitioner "act[ed] with due diligence in discovering the deception, fraud, or error." *Id.*

The record demonstrates that Martinez Del Cid is entitled to equitable tolling. First, her counsel erred by "filing a worthless motion" that "wasted [Martinez Del Cid's] one opportunity to reopen [her] case." *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1224 (9th Cir. 2002); *see Wenqin Sun v. Mukasey*, 555 F.3d 802, 805–06 (9th Cir. 2009) (stating that equitable tolling "applies when a petitioner acts promptly after discovering counsel's *error*" (emphasis added)). The sole basis upon which Martinez Del Cid could request rescission of her *in absentia* removal order was a lack of notice claim. *See* 8 U.S.C. § 1229a(b)(5)(C). Yet, counsel focused on a time-barred "exceptional circumstances" argument, without

2

providing any facts to justify equitable tolling, *Varela v. INS*, 204 F.3d 1237, 1240 (9th Cir. 2000)*,* and otherwise failed to put forward a cogent, or legally viable, argument regarding lack of notice, *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002).

Second, Martinez Del Cid acted with due diligence. Martinez Del Cid reasonably relied on former counsel to guide her through the proceedings until counsel informed Martinez Del Cid that her case was "very difficult" and that he could therefore no longer provide assistance. Within one month, Martinez Del Cid sought new counsel, learned of the ineffective assistance, and filed the third motion to reopen. Thus, Martinez Del Cid is entitled to equitable tolling of the numerical and temporal limitations on motions to reopen. *See Iturribarria*, 321 F.3d at 895 (concluding that the "full extent" of the fraudulent conduct is often "not as a practical matter discoverable until [a petitioner] review[s] [the] case file with new counsel").[1]

---

[1] Neither the BIA nor the parties discuss the merits of Martinez Del Cid's due process claim for reopening due to ineffective assistance of counsel, "instead treating the ineffective assistance question as part of [their] analysis of equitable tolling." *Rodriguez-Lariz v. INS*, 282 F.3d at 1226. On remand, the BIA must reach the merits of the due process ineffective assistance claim.

3

## II

The BIA erred by concluding that Martinez Del Cid failed to satisfy the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), by impermissibly changing the second and third *Lozada* factors "without giving [Martinez Del Cid] notice of the change and an opportunity to present the required proof." *Correa-Rivera v. Holder*, 706 F.3d 1128, 1132 (9th Cir. 2013).

The second *Lozada* factor "calls for notice to [former] counsel, although it doesn't explain *how* that notice is to be delivered." *Id*. at 1131. The BIA erred by requiring Martinez Del Cid to provide notice in a particular way, namely, by serving former counsel with a copy of the affidavit provided pursuant to the first *Lozada* factor. Her current counsel's affidavit was thus sufficient to satisfy the second factor. *See Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005) (concluding that "facts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable"). As to the third factor, it is sufficient that Martinez Del Cid included with the motion to reopen a copy of a completed attorney complaint form and asserted before the BIA that the form was filed with the appropriate state agency. *Correa-Rivera*, 706 F.3d at 1311–32.

Martinez Del Cid complied with *Matter of Lozada*'s procedural requirements. On remand, the BIA can reach the merits of Martinez Del Cid's due process ineffective assistance of counsel claim.

## III

Martinez Del Cid does not argue that the BIA erred by denying her "motion to reopen proceedings for the purpose of submitting an application for relief," 8 C.F.R. § 1003.2(c)(1), and has thus waived any argument on this issue. *Dilley v. Gunn*, 64 F.3d 1365, 1367 (9th Cir. 1995). However, this waiver does not preclude Martinez Del Cid from requesting reopening to reinstate removal proceedings because her former counsel provided ineffective assistance. *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1196 (9th Cir. 2001) (en banc) (distinguishing requests to reopen for the purpose of applying for relief from removal from requests to reopen for the purpose of reinstating proceedings).

## IV

The BIA correctly concluded that res judicata prevents Martinez Del Cid from rescinding her *in absentia* removal order due to a lack of notice—this Court has rendered a final judgment on that claim. *Valencia-Alvarez v. Gonzales*, 469 F.3d 1319, 1323–24 (9th Cir. 2006). However, there is no final judgment on the merits of Martinez Del Cid's ineffective assistance of counsel claim. Res judicata

therefore does not bar the BIA from determining whether former counsel's deficiency deprived Martinez Del Cid of her Fifth Amendment right to due process in removal proceedings.

**PETITION GRANTED; REMANDED.**