**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SURJIT SINGH<br><br>          Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>          Respondent. | No.    22-1454<br><br>Agency No. A095-592-019<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2023[**]
Phoenix, Arizona

Before:  IKUTA, BADE, BRESS, Circuit Judges.

Surjit Singh seeks review of an order of the Board of Immigration Appeals

(BIA) denying his motion to reopen his removal proceedings.  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252(a)(1), *see Wenqin Sun v. Mukasey*, 555 F.3d 802, 805 (9th Cir. 2009), and deny the petition for review.

The BIA did not abuse its discretion in determining that Singh's motion to reopen was untimely and that Singh failed to show that an exception applied due to changed country conditions in India. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Singh failed to establish a material change in country conditions because the new evidence that Singh submitted with his motion does not show that the current risk of harm toward persons who, like Singh, are engaged in low-level political activities, is qualitatively different from the risk of harms that such individuals faced at the time of Singh's initial proceedings. Therefore, Singh has failed to establish a material change in country conditions. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 805 (9th Cir. 2022); *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017). The evidence Singh presents of his changed personal circumstances does not establish the materiality of the changed country conditions and is insufficient on its own to satisfy the changed country conditions exception. *See Rodriguez v. Garland*, 990 F.3d 1205, 1210–11 (9th Cir. 2021). In the absence

of an exception to the 90-day time limit for filing a motion to reopen, the BIA did not err in denying Singh's motion to reopen as untimely.[1]

**PETITION DENIED.**

---

[1] Because we deny the petition based on the BIA's determination that Singh failed to establish a material change in country conditions and therefore his motion to reopen was untimely, we do not address Singh's challenge to the BIA's determination that Singh failed to establish prima facie eligibility for asylum. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008). The BIA did not violate Singh's right to due process by failing to address whether Singh established prima facie eligibility for asylum, because the BIA expressly addressed that claim.

3