**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO ANTONIO CORREA-RIVERA, *Petitioner*, v. ERIC H. HOLDER JR., Attorney General, *Respondent*. | No. 08-72258 Agency No. A098-807-877 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 6, 2012—Pasadena, California

Filed February 6, 2013

Before: Alex Kozinski, Chief Judge, Stephen Reinhardt,
and Sidney R. Thomas, Circuit Judges.

Opinion by Chief Judge Kozinski

## SUMMARY[*]

### Immigration

The panel granted Marco Antonio Correa-Rivera's petition for review of the Board of Immigration Appeals' decision denying his request to apply for cancellation of removal and finding that he failed to meet the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), in his ineffective assistance of counsel claim.

The panel held that the BIA erred in finding that Correa-Rivera failed to comply with the third *Lozada* requirement: "the motion should reflect whether a complaint has been filed." The panel found that the third requirement does not call for a specific type of submission, document or action, and that Correa-Rivera's motion complied where it included a copy of his complaint to the California Bar. The panel also held that Correa-Rivera's lawyer's failure to file his cancellation application prevented him from reasonably presenting his case, and that he was prejudiced by the lawyer's ineffective assistance. The panel remanded for the BIA to reopen Correa-Rivera's case and allow him to file his cancellation application.

## COUNSEL

Ray A. Estolano, Estolano Law Office, Chula Vista, California, for Petitioner.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Drew Brinkman; Nairi S. Gruzenski (argued); Michelle G. Latour, Assistant Director; and Francis W. Fraser I, Senior Litigation Counsel; United States Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., for Respondent.

## OPINION

KOZINSKI, Chief Judge:

What does it mean for a document to "reflect" something?

## Background

Marco Antonio Correa-Rivera illegally entered the United States almost thirty years ago. He surrendered to immigration authorities in 2006. At a hearing before an immigration judge (IJ), Correa-Rivera conceded removability, but said he wanted to apply for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1). The IJ ordered Correa-Rivera to file his application no later than April 6, 2007. Correa-Rivera filled out the application form and gave it to his attorney, along with supporting documents. The lawyer told Correa-Rivera that if he needed anything else to file the application, he'd contact him.

April 6 came and went, but the lawyer did nothing. Nor did he file anything in May, June or July. Finally, almost six months after the filing deadline had expired, the IJ deemed Correa-Rivera's application abandoned. He did this without a hearing and without notifying Correa-Rivera that his application was overdue. Correa-Rivera appealed to the Board of Immigration Appeals (BIA), alleging he was denied

due process because his counsel was ineffective. The BIA affirmed the IJ's decision, finding that Correa-Rivera had not complied with one of the procedural requirements announced in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Correa-Rivera now petitions for review.

**Analysis**

## I.  Jurisdiction

Before turning to the merits of the petition, we must clear some procedural brush left untended by the BIA. Correa-Rivera raised his claim of ineffective assistance to the BIA by way of an appeal of the IJ's dismissal. But an appeal is not the appropriate mechanism for raising such a claim, because there is usually a "lack of a sufficient evidentiary record as to what counsel did, why it was done, and what, if any, prejudice resulted." *Iturribarria* v. *INS*, 321 F.3d 889, 896 (9th Cir. 2003) (internal quotation marks omitted).

"Indeed, as a practical matter, a motion to reopen is the only avenue ordinarily available to pursue ineffective assistance of counsel claims." *Id*. A motion to reopen seeks "reconsideration on the basis of facts or evidence not available at the time of the original decision." *Patel* v. *Ashcroft*, 378 F.3d 610, 612 (7th Cir. 2004). This is much the same rationale as in criminal cases, where we have "recognized that ineffective assistance of counsel claims are ordinarily left for collateral habeas proceedings." *Iturribarria*, 321 F.3d at 896 (internal quotation marks omitted). Because Correa-Rivera's ineffective assistance claim involves facts and evidence not available when the IJ rendered his decision, Correa-Rivera should have filed a motion to reopen.

Here, no one has faulted Correa-Rivera for using an appeal as the vehicle for alleging ineffective assistance. While the BIA noted that Correa-Rivera "made no applications for relief before the Immigration Judge," it didn't dismiss Correa-Rivera's appeal on that ground. Nor has the government argued the point, thereby waiving it. *See United States* v. *McEnry*, 659 F.3d 893, 902 (9th Cir. 2011).

Despite Correa-Rivera's procedural misstep, "[w]here the facts surrounding allegedly ineffective representation by counsel were unavailable to the petitioner at an earlier stage of the administrative process, motions before the BIA based on claims of ineffective assistance of counsel are properly deemed motions to reopen." *Iturribarria*, 321 F.3d at 891. Correa-Rivera didn't know his counsel was ineffective until after the deadline had passed. Appeals asserting ineffective assistance claims, like improperly captioned motions asserting such claims, are effectively motions to reopen. We therefore read the BIA's decision as denying Correa-Rivera's motion to reopen, over which we have jurisdiction. *See Lin* v. *Gonzales*, 473 F.3d 979, 981 (9th Cir. 2007).

## II. *Lozada*

"Before making an ineffective assistance of counsel claim, an alien generally must comply with the procedural requirements established by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and adopted by this court." *Iturribarria*, 321 F.3d at 900. Those are: (1) the alien should submit an affidavit detailing the agreement with former counsel; (2) the alien must notify his former counsel of the allegations and afford counsel an opportunity to respond; and (3) "the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such

representation, and if not, why not." *Lozada*, 19 I. & N. Dec. at 639. These requirements "are not rigidly applied, especially when the record shows a clear and obvious case of ineffective assistance." *Rodriguez-Lariz* v. *INS*, 282 F.3d 1218, 1227 (9th Cir. 2002). Here, we need not determine whether Correa-Rivera's attorney's ineffectiveness was sufficiently obvious from the record, so as to waive the *Lozada* requirements, because the BIA's determination that Correa-Rivera failed to comply with *Lozada* was erroneous.

The BIA held that Correa-Rivera didn't comply with the third requirement: "Notwithstanding [Correa-Rivera's] assertion on appeal that he has filed a complaint with the California Bar, he has failed to provide probative evidence that he actually filed the complaint." Specifically, the BIA faulted Correa-Rivera for failing to provide "correspondence from the Bar indicating receipt of the complaint." But *Lozada* doesn't require that a petitioner present "probative evidence" of having submitted a complaint to the bar, much less correspondence from the bar acknowledging such a complaint. *Lozada* suggests only that the motion "should reflect" whether such a complaint has been filed. 19 I. & N. Dec. at 639.

*Lozada*'s three requirements each call for a different type of submission. The first calls for "an affidavit" from the petitioner "attesting to the relevant facts," including a statement regarding the agreement with former counsel. *Id*. An affidavit is a sworn declaration, normally attested to before a notary public, stating certain facts under oath. *Black's Law Dictionary* 62 (8th ed. 2004). The second calls for notice to counsel, although it doesn't explain *how* that notice is to be delivered; it also calls for a sufficient time interval between the notice and the motion so that counsel can

respond. *See Reyes* v. *Ashcroft*, 358 F.3d 592, 599 (9th Cir. 2004). These requirements are quite specific and can be satisfied only by some sort of document or action that is external to the motion.

The third requirement, by contrast, calls for nothing specific. It is, to begin with, hortatory. It speaks in terms of "should" rather than "shall" or "must," and states only that "the motion should *reflect* whether a complaint has been filed with appropriate disciplinary authorities . . . ." *Lozada*, 19 I. & N. Dec. at 639 (emphasis added). The most plausible and straightforward reading of "reflect" is that the motion should somehow disclose whether petitioner has filed a complaint with the state bar. The term doesn't give notice to petitioners that they must present any "probative evidence" that they have filed a complaint, and certainly not that they must present correspondence or other acknowledgment from the bar.

We could speculate about why the BIA phrased the third requirement differently from the first two. One obvious reason might be that the first two concern matters that transpire in private between petitioner and his lawyer, whereas the filing of a complaint with the state bar is a public event that can be confirmed or refuted by objective sources, should there be any doubt about the matter. But it's not up to us to divine the BIA's reasons for using the language it did. For ought it matters, it could have been poor draftsmanship. What does matter is that this is the language the BIA used; the agency is bound by the meaning that the words naturally convey.

The BIA is free to change *Lozada* by way of a published opinion, *see* 8 C.F.R. § 1003.1(g), but the order in Correa-

Rivera's case isn't published. Rather, it's a one-member per curiam order, which is without precedential value. *Garcia-Quintero* v. *Gonzales*, 455 F.3d 1006, 1013 (9th Cir. 2006). And, even if it wanted to change *Lozada*, the BIA could not do so without giving petitioner notice of the change and an opportunity to present the required proof. Indeed, it's hard to understand why the board here dismissed the case for failure to present proof that Correa-Rivera filed a complaint with the bar, when Correa-Rivera included a copy of the very complaint with his motion. If the board had doubts about the authenticity of the document, it could have asked Correa-Rivera for further proof. But it is irrational and arbitrary, even bizarre, for the BIA to dismiss a motion seeking relief from a late filing when petitioner includes a declaration from the lawyer admitting responsibility and absolving the client of any culpability for the delay.

The government nonetheless argues that we've already held that submitting a copy of a letter isn't enough under *Lozada*. Resp't's Br. 12 (citing *Reyes*, 358 F.3d at 598). Not so. In *Reyes*, we held that an undated letter addressed to the California Bar that "cc'd" the attorney wasn't enough to show that counsel had been notified of the allegations of ineffective assistance. 358 F.3d at 598. But *Reyes* concerned the *second Lozada* requirement: "[F]ormer counsel must be informed of the allegations and allowed the opportunity to respond." *Lozada*, 19 I. & N. Dec. at 639. The second requirement is mandatory, not hortatory, and requires that the lawyer be notified early enough so that he can respond if he disagrees with the charge. *See Reyes*, 358 F.3d at 599. The problem in *Reyes* was that the petitioner did not indicate that he had sent the lawyer a copy of the complaint and given him the opportunity to respond. "Reyes could have mailed the complaint letter and filed the motion to reopen

simultaneously, thereby affording [the attorney] no opportunity to furnish a timely response." *Id*. at 598. Not only would that have "sidestepp[ed]" the corollary requirement that "any subsequent response from counsel" be filed with the motion, but it also would have thwarted the goal of the second requirement, which is to prevent abuse. *Id*. at 598–99; *Lozada*, 19 I. & N. Dec. at 639. "[T]he potential for abuse is apparent where no mechanism exists for allowing former counsel, whose integrity or competence is being impugned, to present his version of events if he so chooses, thereby discouraging baseless allegations." *Lozada*, 19 I. & N. Dec. at 639.

Given that the BIA abused its discretion in applying *Lozada*, *see Rodriguez-Lariz*, 282 F.3d at 1222, we could remand for an evidentiary hearing, but there is no need to do so here. We've previously explained that when the alien's "lawyer fail[s], without any reason, to timely file the application," the alien has presented a valid claim of ineffective assistance. *Castillo-Perez* v. *INS*, 212 F.3d 518, 526 (9th Cir. 2000). So the only question left for the BIA to determine is who missed the deadline: Correa-Rivera or his lawyer? Correa-Rivera said it was the lawyer, and the lawyer admitted it. The government hasn't suggested otherwise. Based on this evidence, the BIA could reach no rational conclusion except that the lawyer was the cause of the missed deadline.

The lawyer's declaration, stating that he "failed to properly file [Correa-Rivera's] Application for Cancellation of Removal," and that Correa-Rivera "had no reason to believe that I would not file his application," gives us confidence that the lawyer and Correa-Rivera aren't colluding. *See Lo* v. *Ashcroft*, 341 F.3d 934, 938 (9th Cir.

2003). First, the lawyer detailed his failing under penalty of perjury, so if he's lying, he's taking a big risk. Beyond that, he has furnished evidence against himself that could be used in a future disciplinary proceeding or a civil suit for malpractice.

This is the same logic that undergirds Federal Rule of Evidence 804(b)(3), which deals with statements by unavailable declarants. Under 804(b)(3), such a statement is admissible if it is trustworthy and one that "a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it . . . had so great a tendency . . . to expose the declarant to civil or criminal liability." We can be confident that the lawyer was telling the truth because his statement exposes him at the very least to a malpractice claim by Correa-Rivera. *See Gutierrez* v. *Mofid*, 705 P.2d 886, 891 (Cal. 1985) ("It is well settled that an attorney is liable for malpractice when his negligent . . . conduct of the client's affairs results in loss of the client's meritorious claim.").

## III.    Prejudice

The final question is whether the lawyer's dereliction of duty prejudiced Correa-Rivera. *See Iturribarria*, 321 F.3d at 899–900. We find prejudice "when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings." *Ortiz* v. *INS*, 179 F.3d 1148, 1153 (9th Cir. 1999). In *Castillo-Perez*, we held "that counsel's failure to file an application for suspension of deportation constituted a due process violation." *Rodriguez-Lariz*, 282 F.3d at 1226 (explaining *Castillo-Perez*, 212 F.3d at 526). Similarly, in *Rodriguez-Lariz*, we held that "petitioners have clearly suffered prejudice, as their counsel's

failure to file their applications for suspension of deportation unquestionably affected the outcome of the proceedings." *Id.*

Here, the "record is undisputed" that the lawyer failed to file Correa-Rivera's application. *Castillo-Perez*, 212 F.3d at 526. Because of that failure, Correa-Rivera "was prevented from reasonably presenting his case." *Ram* v. *Mukasey*, 529 F.3d 1238, 1241 (9th Cir. 2008) (internal quotation marks omitted). Correa-Rivera lost his opportunity to apply for cancellation of removal. Therefore, he was prejudiced by the lawyer's ineffective assistance. On remand, the BIA shall reopen Correa-Rivera's case and allow him to file his application for cancellation of removal.

**PETITION FOR REVIEW GRANTED; REVERSED AND REMANDED.**