**NOT FOR PUBLICATION**

AUG 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DHIRENDRA NATH SUKUL,<br><br>       Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>       Respondent. | No. 11-72482<br><br>Agency No. A075-731-618<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2013[**]
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Petitioner Dhirendra Nath Sukul petitions for review of the decision of the

Board of Immigration Appeals rejecting his applications for various forms of relief

from removal. Sukul contends that his hearing counsel was so ineffective that he

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

was unable to reasonably present his case, depriving him of his due process right to a fair hearing. Specifically, he claims that counsel failed to prepare him to testify about an alleged incident where Sukul was kidnapped by Fijian authorities, fully review the record, consult with him and his wife, file certain documents, ask "proper questions," and "ensure adequate translation of the hearings." We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.[1]

In order to succeed on an ineffective assistance of counsel claim, an alien must comply with the following procedural requirements: (1) provide an affidavit detailing the agreement with counsel; (2) notify counsel of the allegations so that counsel has an opportunity to respond; and (3) disclose whether the alien has filed a complaint with the disciplinary authorities. *Correa-Rivera v. Holder*, 706 F.3d 1128, 1131 (9th Cir. 2013) (citing *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988)). Furthermore, the alien must demonstrate that counsel failed to perform with sufficient competence and that counsel's failure was prejudicial. *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 880 (9th Cir. 2011), *cert. denied*, __ S. Ct. __, No. 12-150, 2013 WL 3213548 (June 27, 2013).

---

[1] As the parties are familiar with the facts of the case, we repeat only those facts necessary to explain our decision.

Here, Sukul failed to comply with most (if not all) of the procedural requirements. Although we do not demand strict compliance where the purposes of the requirements are "fully served by other means" or counsel's ineffective assistance is "obvious and undisputed on the face of the record," *Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004), this is not such a case. On its face, the record shows that there were several inaccuracies in the application in which Sukul described the kidnapping incident and that Sukul did not prepare it himself, stating that he had "no idea" what was in the application. Because Sukul failed to provide counsel with an opportunity to respond to his claims of ineffective assistance, we cannot determine whether counsel had valid reasons for declining to elicit testimony about the alleged incident. Consequently, it is "impossible to determine whether [Sukul's] ineffective assistance of counsel claim has merit." *Tamang v. Holder*, 598 F.3d 1083, 1090 (9th Cir. 2010).

Sukul's failure to comply with the procedural requirements similarly precludes us from assessing his other claims of ineffective assistance. In any event, Sukul has not explained how the outcome of the proceedings might have been affected had counsel performed as he contends she should have, and consequently, Sukul has not demonstrated prejudice.

**PETITION DENIED**.