**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNARDO SALADO-ALVA, AKA Bernie Salado, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-72112 <br><br> Agency No. A024-221-509 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2014**
San Francisco, California

Before: KOZINSKI, RAWLINSON and MURGUIA, Circuit Judges.

Petitioner Bernardo Salado-Alva ("Salado"), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

his motion to reopen based on ineffective assistance of counsel. We review the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen for abuse of discretion and review due process claims de novo. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We have jurisdiction under 8 U.S.C. § 1252, and deny the petition for review.

The BIA did not abuse its discretion in denying Salado's motion to reopen because he failed to establish that the alleged ineffective assistance of counsel affected the outcome of his proceedings. *See Correa-Rivera v. Holder*, 706 F.3d 1128, 1133 (9th Cir. 2013) (to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate prejudice). The record unequivocally establishes that Salado was convicted of a removable offense. *See United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999) (holding that a conviction under California Penal Code Section 288(a) constitutes "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43), a removable offense under 8 U.S.C. § 1227(a)(2)(A)(iii)). Salado, thus, cannot establish prejudice resulting from his attorney's failure to challenge the sufficiency of the evidence proffered by the government to establish his removability. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). It follows that the denial of Salado's motion to reopen did not violate due process. *See id.* (requiring "error and substantial prejudice" for a due process violation).

**DENIED.**