

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSALIA ANGELICA RIOS REY,<br><br>        Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>        Respondent. | No. 11-73384<br><br>Agency No. A076-703-234<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 11, 2015
San Francisco, California

Before:    **KOZINSKI** and **TALLMAN**, Circuit Judges, and **PIERSOL**,[**]
Senior District Judge.

**1.** Motions to reopen must include evidence that "was not available and

could not have been discovered or presented at the former hearing." 8 C.F.R.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

§ 1003.2(c)(1). The danger that one of the defendants in the 1997 trial would take revenge on Rios Rey for her role as a government witness was just as high during her first removal proceeding as it is now. Yet Rios Rey never mentioned this concern during her prior removal proceedings. Because Rios Rey failed to present new evidence that couldn't have been presented "at [her] former hearing," the Board of Immigration Appeals properly denied her motion to reopen. § 1003.2(c)(1).

2. Rios Rey declares that she never received any updates regarding her case after it was administratively closed. These allegations could give rise to an ineffective-assistance-of-counsel claim, because, if believed, Rios Rey never had an opportunity during the 2001 and 2002 hearings to present her fear of retaliation if removed to Mexico. As the Government conceded during oral argument, Rios Rey could pursue this claim by filing a new motion to reopen by following the procedure outlined in Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). See also Correa-Rivera v. Holder, 706 F.3d 1128, 1130–31 (9th Cir. 2013) (describing the "procedural requirements" for a nonresident to make an IAC claim "established by the BIA in Matter of Lozada"). We order petitioner's counsel, Christopher J. Stender, to deliver a copy of this memorandum disposition to Rios Rey. Counsel

shall also send confirmation to the Clerk of Court within fourteen days of the publication of this disposition indicating that petitioner has received the disposition.

The petition for review is **DENIED**.