**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONRADO VALENZUELA-ABRIL, | No.   15-72991 |
| Petitioner, | Agency No. A087-526-866 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2017[**]

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Conrado Valenzuela-Abril, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand based on a claim of ineffective assistance of counsel and dismissing his

appeal from an immigration judge's decision denying cancellation of removal.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to remand, and review de novo questions of law.  *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1061-62 (9th Cir. 2008).  We review for abuse of discretion the denial of a continuance.  *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).  We deny the petition for review.

The BIA did not abuse its discretion or violate due process in declining to remand based on ineffective assistance of counsel, where Valenzuela-Abril failed to comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 647, 639 (BIA 1988).  *See Correa-Rivera v. Holder*, 706 F.3d 1128, 1131 (9th Cir. 2013) ("Appeals asserting ineffective assistance claims . . . are effectively motions to reopen."); *Al Ramahi v. Holder*, 725 F.3d 1133, 1138-39 (9th Cir. 2013) (no error in failing to find ineffective assistance in the absence of evidentiary support required by *Matter of Lozada*).  Contrary to Valenzuela-Abril's contention, any ineffective assistance was not plain on the face of the record.  *See Tamang v. Holder*, 598 F.3d 1083, 1090-91 (9th Cir. 2010) (failure to satisfy *Lozada* was fatal to ineffective assistance of counsel claim where ineffectiveness was not plain on the face of the record).

The agency did not abuse its discretion or violate due process in declining to grant a further continuance, where Valenzuela-Abril had previously been granted a two-year continuance to gather and submit additional evidence.  *See* 8 C.F.R.

§ 1003.29; *Ahmed*, 569 F.3d at 1012 (listing factors to consider when reviewing the denial of a continuance); *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

**PETITION FOR REVIEW DENIED.**