NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALFREDO ELPEDES-AGUDO, AKA Fred Agudo, AKA Walfredo E. Agudo, AKA Walfredo Alpedes Agudo, AKA Fred Elped Agudo, AKA Walfredo Elpodes Agudo,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   15-73526<br><br>Agency No. A047-587-082<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017[**]

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Walfredo Elpedes-Agudo, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

motion to remand, and dismissing his appeal from an immigration judge's ("IJ")

decision denying cancellation of removal. We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to remand.

*Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We review de novo

questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).

We deny the petition for review.

The BIA did not abuse its discretion in declining to remand, where Elpedes-

Agudo failed to comply with the procedural requirements of *Matter of Lozada*, 19

I. & N. Dec. 637 (BIA 1988). *See Correa-Rivera v. Holder*, 706 F.3d 1128, 1131

(9th Cir. 2013) (appeals asserting ineffective assistance claims are effectively

motions to reopen); *Al Ramahi v. Holder*, 725 F.3d 1133, 1138-39 (9th Cir. 2013)

(no error in failing to find ineffective assistance in the absence of evidentiary

support required by *Matter of Lozada*). Contrary to Elpedes-Agudo's contentions,

any ineffective assistance is not plain on the face of the record. *See Tamang v.*

*Holder*, 598 F.3d 1083, 1090-91 (9th Cir. 2010) (failure to satisfy *Matter of*

*Lozada* requirements was fatal to ineffective assistance of counsel claim where

ineffectiveness was not plain on the face of the record).

The record does not support Elpedes-Agudo's contention that he was denied

a full and fair hearing, where he was represented by the counsel of his choice, and

the IJ permitted him to testify, call witnesses, and submit documentary evidence.

*See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (due process claims require showing that proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case" (internal citation omitted)).

We also reject Elpedes-Agudo's contention that the BIA failed to review all relevant evidence in the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (holding the BIA adequately considered evidence and sufficiently announced its decision).

**PETITION FOR REVIEW DENIED.**