**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL QUIJADA CORONADO, | No. 15-71445 |
| Petitioner, | Agency No. A012-632-641 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 7, 2018
Pasadena, California

Before: GRABER, W. FLETCHER, and OWENS, Circuit Judges.

Following this court's partial granting of his previous petition for review,

Petitioner Raul Quijada Coronado petitions for review of an order of the Board of

Immigration Appeals ("BIA") dismissing his remanded appeal. As the parties are

familiar with the facts, we do not recount them here. We have jurisdiction under 8

U.S.C. § 1252, and we grant the petition and remand with instructions.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.  Because no intervening higher authority is clearly irreconcilable with this court's holding in *Coronado v. Holder*, 759 F.3d 977, 982-85 (9th Cir. 2014), that California Health & Safety Code § 11377(a) is a divisible statute subject to the modified categorical approach, this panel may not reconsider that decision's conclusion that the BIA did not err in finding Petitioner inadmissible, *see id.* at 985-86; *see also Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (en banc)

2.  Contrary to Respondent's argument, this court has "jurisdiction to review constitutional claims" raised in a petition for review, including due-process claims, "even when those claims address a discretionary decision" such as the denial of cancellation of removal. *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir. 2003); *see also* 8 U.S.C. § 1252(a)(2)(D). Because Petitioner's claims are constitutional, this court has jurisdiction over his petition.

3.  Contrary to Respondent's argument, the Fifth Amendment's Due Process Clause applies to Petitioner's application for cancellation of removal, *Salgado-Diaz v. Gonzales*, 395 F.3d 1158, 1162 (9th Cir. 2005), including the rights to "a full and fair hearing of [one's] claims and a reasonable opportunity to present evidence on [one's] behalf," *id.* (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)); the right to a "neutral judge," *Reyes-Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir. 2003); and the right to competent representation by one's retained counsel, *e.g.*, *Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011).

4.  The government concedes that Petitioner's attorney's performance both before and during the removal hearing was deficient.  Especially in light of the immigration judge's ("IJ") comment that "I do think it's a close case," we are persuaded that the attorney's deficient performance prejudiced Petitioner because it "may have affected the outcome of the proceedings." *Correa-Rivera v. Holder*, 706 F.3d 1128, 1133 (9th Cir. 2013) (quoting *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999)).

5.  We therefore grant the petition and remand to the BIA with instructions to order a new hearing on Petitioner's application for cancellation of removal.  We urge the BIA to assign the new hearing to a different IJ.[1]  *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1054 (9th Cir. 2005); *Perez-Lastor v. INS*, 208 F.3d 773, 783 (9th Cir. 2000).

**PETITION GRANTED; REMANDED with instructions.**

---

[1] Because we grant the petition on other grounds, we need not reach the issue of the IJ's bias.  *See, e.g.*, *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1114 n.2 (9th Cir. 2017).