NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CRISTINA GUADALUPE MARTINEZ DE ESTRADA, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  15-73503 <br><br> Agency No. A094-195-429 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2019**
San Francisco, California

Before:  FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Cristina Guadalupe Martinez de Estrada, a native and citizen of El Salvador,

petitions for review of the Board of immigration Appeals' order denying her

motion to reopen removal proceedings.  We have jurisdiction under 8 U.S.C. §

1252.  We review for abuse of discretion the denial of a motion to reopen.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We grant in part, deny in part, and dismiss in part the petition for review, and remand to the BIA for further proceedings consistent with this decision.

We grant the petition on Martinez de Estrada's claim that the BIA abused its discretion in denying Martinez de Estrada's motion to reopen as untimely, and in holding that she was not entitled to equitable tolling based on her claim that she received ineffective assistance of counsel. First, a review of the record reflects that, contrary to the BIA's finding, Martinez de Estrada did in fact substantially comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *Correa-Rivera v. Holder*, 706 F.3d 1128, 1131 (9th Cir. 2013). A fair reading of Martinez de Estrada's Exhibits B and C indicate that she (1) provided an appropriate sworn declaration detailing the allegations against former counsel, (2) notified him of her specific allegations of ineffective representation, and (3) lodged a complaint with the California State Bar. Although her Exhibits B and C were not attached in the record to the letter to counsel, the letter references "Enclosures (2)". We can only conclude that the "Enclosures (2)" were Exhibits B and C. Second, the agency failed to provide any explanation in support of its determination that petitioner was not prima facie eligible for an adjustment of status, and failed to address Martinez de Estrada's argument that she would be eligible for a waiver of her convictions under 8 U.S.C. § 1182(h). *See, e.g., Tadevosyan v. Holder*, 743

F.3d 1250, 1252-53 (BIA abuses its discretion when it fails to provide a reasoned explanation for its actions). Moreover, the agency did not have the benefit of this court's recent decision in *Ramirez v. Brown*, 852 F.3d 954 (9th Cir. 2017), which held that a Temporary Protected Status recipient is considered "inspected and admitted" when determining the recipient's eligibility for adjustment of status.

We deny the petition for review on Martinez de Estrada's claims that the BIA abused its discretion by holding that Martinez de Estrada failed to establish ineffective assistance of counsel for her attorney's failure to appeal denial of her applications for asylum, NACARA relief, and TPS. *See Correa-Rivera v. Holder*, 706 F.3d 1128, 1133 (9th Cir. 2013) (to establish prejudice from ineffective assistance of counsel, petitioner must show that the outcome may have been different had counsel raised the argument on appeal).

We dismiss the petition for review in part because we lack jurisdiction to consider the following unexhausted contentions: (1) that the immigration judge failed to advise Martinez de Estrada of her apparently eligibility for cancellation of removal; and (2) that Martinez de Estrada was prejudiced by prior counsel's failure to appeal the aggravated felony ruling and denial of asylum on the merits and to argue that she had established good moral character for NACARA eligibility. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (court lacks jurisdiction to consider legal claims not presented to the agency in alien's proceedings).

15-73503

We reject as unsupported by the record Martinez de Estrada's contention that the immigration judge failed to advise her of her apparent eligibility for adjustment of status.

On remand the agency is directed to consider Martinez de Estrada's motion to reopen in light of this court's decision in *Ramirez v. Brown*, *infra*.

PETITION GRANTED in part, DENIED in part; DISMISSED in part; REMANDED. Each party shall bear its own costs.

15-73503