NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESMERALDA MARISOL MUNOZ, AKA Esmeralda Munoz-Flores, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   17-71446 <br><br> Agency No. A099-828-392 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2020**
Pasadena, California

Before:  HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,*** District
Judge.

Esmeralda Marisol Munoz petitions for review of a decision of the Board of

Immigration Appeals ("BIA") denying her motion to reconsider its denial of her

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

motion to reopen her removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reconsider for abuse of discretion, although de novo review applies to the BIA's determination of purely legal questions. *Morales Apolinar v. Mukasey*, 514 F.3d 893, 895 (9th Cir. 2008). We deny the petition for review.

Munoz's motion to reopen, which was based on her former counsel's alleged ineffectiveness, was filed more than four years after the BIA dismissed her appeal, long after the applicable 90-day deadline. *See* 8 C.F.R. § 1003.2(c)(2). The BIA denied Munoz's motion as untimely, holding that it was not filed with sufficient diligence to invoke the doctrine of equitable tolling, which applies "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from" meeting a deadline. *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014).

The BIA reasoned that, since Munoz had become "aware of the specific claimed error" by her former counsel by September 2, 2015, and Munoz had secured new counsel by December 28, 2015, her failure to file her motion to reopen until September 8, 2016 showed a lack of due diligence. The BIA rejected Munoz's argument that she was justified in postponing her filing while she waited for her former counsel's response to her allegations against him, because there was no procedural requirement that Munoz receive her former counsel's response prior to filing the motion; she was only required, at most, to have afforded her former counsel

2

an opportunity to respond. Such an opportunity, as we have held, only requires "a sufficient time interval between the notice [to the former counsel] and the motion so that counsel can respond." *Correa-Rivera v. Holder*, 706 F.3d 1128, 1131 (9th Cir. 2013).

Munoz's motion to reconsider offered two arguments against the BIA's reasoning, neither of which were meritorious. First, quoting *Correa-Rivera*, Munoz argued that "it is irrational and arbitrary, even bizarre, for the BIA to dismiss a motion seeking relief from a late filing when petitioner includes a declaration from the lawyer admitting responsibility and absolving the client of any culpability for the delay." *Id.* at 1132. However, the BIA did not punish Munoz for any delay that was former counsel's fault. Instead, it only held Munoz accountable for her delay after she allegedly learned of her former counsel's ineffectiveness, and thus could no longer reasonably rely on him.

Second, Munoz argued that she needed to wait for her former counsel's response to her allegations of ineffectiveness before filing her motion to reopen, "as it was unclear the extent of his representation and the extent of the ineffective assistance [he had] provided." But Munoz had already executed an affidavit in September 2015 declaring that, having "tricked" her into believing he was diligently representing her, her former counsel had failed to file "the proper appeal in [her] case," which had given the BIA "no choice but to dismiss [her] appeal." Under these

3

circumstances, former counsel's response was not vital to her motion to reopen, and we have held that "diligence in attempting to obtain nonvital information . . . is not 'diligence' within the meaning of our equitable tolling jurisprudence." *Valeriano v. Gonzales*, 474 F.3d 669, 673 (9th Cir. 2007).

Munoz therefore failed to show that the BIA erred in denying her motion to reopen, and the BIA's denial of her motion to reconsider was accordingly not an abuse of discretion.

**PETITION DENIED.**