**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MARTIN AGUILAR GUADAMUZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 10-73329 12-71103 Agency No. A078-344-769 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2020
San Francisco, California

Before: PAEZ, BEA, and FRIEDLAND, Circuit Judges.

Petitioner-Appellant Jose Aguilar Guadamuz, a native and citizen of

Nicaragua, petitions for review of decisions by the Board of Immigration Appeals

("BIA"): (1) affirming an Immigration Judge's ("IJ") denial of his petition for

withholding of removal, and (2) denying Aguilar Guadamuz's motion to reopen

proceedings on the basis of ineffective assistance of counsel and changed country

conditions.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review the agency's factual findings as to withholding of removal for substantial evidence, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006), and the BIA's denial of Aguilar Guadamuz's motion to reopen, including its determination whether the motion was timely filed, for abuse of discretion, *Singh v. Gonzales*, 491 F.3d 1090, 1095-97 (9th Cir. 2007). Applying these standards, we deny the petition for review with respect to Aguilar Guadamuz's claim for withholding, but grant the petition with respect to his motion to reopen, and we remand for further proceedings.

1. Substantial evidence supports the agency's denial of withholding of removal. Even if Aguilar Guadamuz were entitled to a presumption of persecution based on his treatment in Nicaragua following the 1979 revolution, substantial evidence supports the agency's determination that, in light of a "fundamental change in circumstances" in Nicaragua in the decades since 1979, the Government successfully rebutted that presumption. 8 C.F.R. § 1208.16(b)(1)(i)(A).[1]

2. The BIA abused its discretion in denying Aguilar Guadamuz's motion to reopen, which asserted that his initial counsel provided ineffective assistance of counsel. The BIA's determination that Aguilar Guadamuz was not prejudiced by

---

[1] To the extent Aguilar Guadamuz petitions for review of the agency's denial of his claim for relief under the Convention Against Torture, we lack jurisdiction to consider that issue because he failed to raise it in his brief to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Alvarado v. Holder*, 759 F.3d 1121, 1126 n.4, 1127 (9th Cir. 2014).

his counsel's failure to introduce evidence that his mother had experienced recent threats and harassment in Nicaragua from groups affiliated with the Sandinistas was "arbitrary, irrational, or contrary to law." *Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005) (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)).[2] The BIA stated that there was "no indication" that such testimony "would have provided information different from that which [Aguilar Guadamuz] was able to offer at his hearing." But this testimony would have differed materially from the evidence of minor and decades-old incidents Aguilar Guadamuz in fact presented, and it would have provided the missing nexus between Aguilar Guadamuz's fear of future persecution and his family's political disagreements with the Sandinistas. Counsel's failure to present such testimony therefore "may have affected the outcome of the proceedings." *Correa-Rivera v. Holder*, 706 F.3d 1128, 1133 (9th Cir. 2013) (quoting *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999)).[3]

**PETITION FOR REVIEW DENIED in part, DISMISSED in part, and GRANTED in part; REMANDED.**

---

[2] Although the BIA expressed skepticism about the letters describing these incidents, the accounts were not necessarily inconsistent with one another, and the BIA was obligated to accept as true the corresponding allegations in Aguilar Guadamuz's reopening declarations unless they were "inherently unbelievable." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

[3] Because we conclude that the BIA abused its discretion in this respect, we need not address Aguilar Guadamuz's arguments that he was entitled to reopening based on other theories of ineffective assistance of counsel, or that he was entitled to reopening based on changed country conditions.