NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR ALEJANDRO CASTILLO-SALDANA, AKA Francisco Lopez,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 13-70720<br><br>Agency No. A205-315-289<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021**

Before: SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Hector Alejandro Castillo-Saldana, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision denying his application for cancellation of

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law, including claims of due process violations due to ineffective assistance of counsel, and we review for abuse of discretion the BIA's denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not err or violate Castillo-Saldana's right to due process in applying the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), to Castillo-Saldana's ineffective assistance of counsel claim. *See Correa-Rivera v. Holder*, 706 F.3d 1128, 1130-31 (9th Cir. 2013) (where petitioner improperly used an appeal to the BIA as the vehicle to allege ineffective assistance of counsel, the appeal was effectively a motion to reopen); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process challenge). The BIA did not abuse its discretion in declining to reopen based on ineffective assistance of counsel where Castillo-Saldana failed to comply with *Lozada* and where the alleged ineffectiveness was not plain on the face of the record. *See Tamang v. Holder*, 598 F.3d 1083, 1089-91 (9th Cir. 2010) (holding that failure to satisfy *Matter of Lozada* requirements was fatal to an ineffective assistance of counsel claim where ineffectiveness was not plain on the face of the record); *Mohammed*, 400 F.3d at 791 (explaining that BIA ruling on a motion to reopen will be reversed "only if the Board acted arbitrarily, irrationally, or contrary to law").

13-70720

The BIA also did not err or violate Castillo-Saldana's right to due process in denying his ineffective assistance of counsel claim where Castillo-Saldana failed to establish prejudice from the alleged ineffective assistance of former counsel. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate prejudice); *Lata*, 204 F.3d at 1246; *see also Pereida v. Wilkinson*, 141 S.Ct. 754, 766 (2021) (an applicant for relief from removal cannot establish eligibility where a conviction record is inconclusive as to which elements of a divisible statute formed the offense).

We lack jurisdiction to consider Castillo-Saldana's contention that the IJ failed to advise him of his eligibility for relief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**