NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DILBAG SINGH,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 22-1194<br><br>Agency No.<br>A087-998-582<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2023[**]
San Francisco, California

Before: COLLINS, FORREST, and SUNG, Circuit Judges.

Dilbag Singh, an Indian citizen, petitions for review of the Board of

Immigrations Appeals' (BIA) dismissal of his appeal of the Immigration Judge's

(IJ) decision. The IJ denied Singh's application for asylum, withholding of

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. Because the parties are familiar with the facts, we do not restate them here. For the reasons stated below, we deny the petition.

We review the agency's factual findings, including an adverse credibility determination, for substantial evidence, meaning "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (emphasis removed) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)). "[U]nder the REAL ID Act, credibility determinations are [reviewed] based on the 'totality of the circumstances and all relevant factors.'" *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). We also review the BIA's denial of CAT relief for substantial evidence. *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1201 (9th Cir. 2023).

1.      Substantial evidence supports the agency's adverse credibility determination. First, the agency properly relied on the fact that Singh alternated the basis of his asylum claim between his border interview, credible fear interview, and asylum application. At the border, Singh based his claim on fear of persecution because of his support for the Shiromani Akali Dal ("Mann") Party; in his credible fear interview, he claimed that he feared his in-laws who opposed his marriage;

and in his asylum application, he reverted to claiming that his fear of persecution was based on his support for the Mann Party. Additionally, the agency noted that, at Singh's credible fear interview, Singh twice affirmed that he feared returning to India only because of his in-laws' disapproval of his marriage. Although Singh ultimately testified to fearing both political persecution and harm from his in-laws, Singh's prior omissions were material. "Material alterations in the applicant's account of persecution," including changes to "the basis of his claim . . . between his asylum application and subsequent testimony," are sufficient to sustain an adverse credibility finding. *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011).

The agency properly considered Singh's responses at the border and credible fear interviews. At his border interview, Singh swore to speak truthfully, initialed each page of the interview notes, and signed a statement at the end affirming his answers. At Singh's credible fear interview, the interviewing officer administered an oath before questioning Singh. Both interview notes contained transcribed questions and answers. An interpreter was present during both interviews and Singh does not allege any issues with translation during these interviews. Where border and credible fear interviews are "conducted under oath, with contemporaneous notes containing the questions asked, and transcribed . . . with the aid of an interpreter," there are "sufficient indicia of reliability to permit [the agency] to consider [them]." *Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir.

2020). Additionally, Singh testified that he intentionally omitted one of his two bases for seeking asylum in each instance and does not contest the accuracy of the officers' notes for either interview. On this record, Singh cannot show that "the outcome of the proceeding may have been affected" had he been allowed to cross examine the interviewing officers. *Alcaraz-Enriquez v. Garland*, 19 F.4th 1224, 1231–32 (9th Cir. 2021) (quoting *Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir. 2009)).

The agency also properly based the adverse credibility determination on the inconsistent dates of when Singh was arrested for participating in Mann Party activity stated in Singh's asylum application and his subsequent affidavit. The most significant inconsistency involved dates that were three years apart. When assessing credibility, "an IJ may rely upon an inconsistency in a 'crucial date' concerning the 'very event upon which [an applicant] predicated his claim for asylum.'" *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (citation omitted).

Singh testified that his asylum application omitted his fear of his in-laws because of counsel errors, and he argues that the agency denied him due process in rejecting that explanation. However, the IJ properly gave Singh an opportunity to explain these inconsistencies, and the agency was not compelled to accept Singh's explanations. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) ("[T]he Board

4

and IJ [are] not required to accept [the applicant's] explanation for [a] discrepancy" where "the record does not compel a contrary conclusion.").

Furthermore, an appeal is not the proper avenue to bring an ineffective assistance of counsel claim. *See Correa-Rivera v. Holder*, 706 F.3d 1128, 1130 (9th Cir. 2013) ("[A] motion to reopen is the only avenue ordinarily available to pursue ineffective assistance of counsel claims.") (citation omitted). And even if we found this to be a "clear and obvious case" of counsel error, Singh cannot show prejudice. *Id.* at 1131, 1133 ("[Procedural requirements] are not rigidly applied . . . when the record shows a clear and obvious case of ineffective assistance," but petitioner must show that "the performance of counsel was so inadequate that it may have affected the outcome of the proceedings.") (citation omitted). Even without the asylum application omission, other material omissions and inconsistencies, and Singh's testimony that he made the omissions intentionally, provide sufficient support for the adverse credibility determination.

Because the agency found Singh not credible, it was not required to give him "notice and an opportunity to provide additional corroborating evidence." *Mukulumbutu*, 977 F.3d at 927. Moreover, substantial evidence supports the agency's finding that the affidavits from Singh's family and associates did not sufficiently rehabilitate his credibility as the authors were not available for cross-examination, *see id.*, the affidavits were vague, and they contained inconsistencies.

5

"Without credible testimony or sufficient corroborating evidence," Singh cannot establish his claims for asylum and withholding of removal. *Id.*

2.    Substantial evidence supports the denial of CAT protection. Absent credible testimony, Singh's claim relies on country conditions evidence and affidavits from family and acquaintances to show "that it is more likely than not that [Singh] will be tortured." *Id*. The agency found that Singh showed generalized evidence of violence but not a specific risk that he would be tortured, and that Singh could safely relocate within India to avoid future torture. The record does not compel a contrary conclusion. *See Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019) (denying CAT claim where record showed police engaged in human rights violations but "evidence specific to Mann Party members is sparse" and suggested that "members are targeted primarily when they are high-profile militants"). And while Singh argues that the agency failed to consider the letters and affidavits from his associates, "nothing in the record or the [agency's] decision indicates a failure to consider all the evidence." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011).

**PETITION DENIED.**