NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| YENNY CARRILLO,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 22-1536<br><br>Agency No.<br>A097-886-193<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2024**
Pasadena, California

Before: CLIFTON, H.A. THOMAS, and DESAI, Circuit Judges.

     Yenny Carrillo petitions for review of a Board of Immigration Appeals

("BIA") decision denying her third motion to reopen and reissue on the grounds

that ineffective assistance of counsel prevented her from timely appealing the

---

     \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

BIA's December 2020 order denying her second motion to reopen based on changed country conditions. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the denial of a motion to reopen for abuse of discretion, *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). "Questions of law, including claims of due process violations due to ineffective assistance, we review de novo." *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). To establish prejudice, the petitioner must show that counsel's assistance was "so inadequate that it may have affected the outcome of the proceedings." *Correa-Rivera v. Holder*, 706 F.3d 1128, 1133 (9th Cir. 2013) (internal quotations omitted). Prejudice is presumed when a petitioner is "prevented from filing an appeal in an immigration proceeding due to counsel's error," but that presumption is rebuttable if the petitioner does not show "plausible grounds for relief." *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045–46 (9th Cir. 2000).

Even assuming, as the BIA did, that Carrillo's counsel was ineffective, her motion to reopen and reissue fails to state any plausible grounds that may have entitled her to relief. In her motion to reopen, Carrillo argued that her daughter's entry into adolescence made her an "easy target" for sexual violence in Colombia and constituted a "changed circumstance[] in country conditions." The BIA concluded in its December 2020 order that this argument did "not establish[] a

2                                                                                           22-1536

prima facie case for the relief sought," and Carrillo fails to establish that a different outcome would have been reached even with the assistance of competent counsel. The BIA thus did not err in finding that Carrillo did not establish prejudice resulting from counsel's alleged misconduct. *See id.*

    **DENIED.**