NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

DEC 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELISA LORENZA IXCAL-VELASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 25-1334<br><br>Agency No.<br>A220-297-361<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2025[**]
Pasadena, California

Before: CALLAHAN and KOH, Circuit Judges, and BARKER,
District Judge.[***]

Felisa Lorenza Ixcal-Velasquez ("Petitioner"), a native and citizen of

Guatemala, petitions for review of a decision by the Board of Immigration Appeals

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable J. Campbell Barker, United States District Judge for the Eastern District of Texas, sitting by designation.

("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying Petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction over this appeal under 8 U.S.C. § 1252. "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (quoting *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018)). We deny the petition.

1.      The BIA denied Petitioner's challenge to the IJ's denial of asylum and withholding of removal because Petitioner did not challenge the IJ's finding that she failed to present a cognizable particular social group ("PSG") or a nexus to her membership in that group. On appeal to this court, Petitioner similarly does not challenge that conclusion but instead argues that ineffective assistance of counsel deprived her of due process because her counsel failed to present evidence that Petitioner suffered harm that rose to the level of persecution.[1]

"We ordinarily review due process challenges *de novo*. A due process violation occurs where (1) the proceeding was so fundamentally unfair that the

---

[1]      Petitioner also claims that ineffective assistance of counsel deprived her son of due process. However, her son is not a party to this petition, nor was he a party to Petitioner's appeal to the BIA. Thus, these arguments are not properly before us. *See Correa-Rivera v. Holder*, 706 F.3d 1128, 1130 (9th Cir. 2013) (explaining that "a motion to reopen [before the BIA] is the only avenue ordinarily available to pursue ineffective assistance of counsel claims" because it typically involves "reconsideration on the basis of . . . evidence not available at the time of the original decision") (citation omitted).

[petitioner] was prevented from reasonably presenting her case, and (2) the [petitioner] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022) (cleaned up).

We lack jurisdiction to review Petitioner's ineffective assistance of counsel claim because she failed to present it to the BIA. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (requiring a petitioner "who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA"). Additionally, Petitioner fails to establish prejudice from her ineffective assistance of counsel because Petitioner's lack of a cognizable PSG or a nexus to her membership in that group are dispositive of her claims for asylum and withholding of removal. *See, e.g.*, *Zamorano v. Garland*, 2 F.4th 1213, 1228 (denying due process claim because petitioner failed to demonstrate prejudice).

2.      Substantial evidence supports the agency's denial of CAT relief. *See Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154 (9th Cir. 2022) ("We review the factual findings underlying the BIA's decision that an applicant is not eligible for CAT relief for substantial evidence.") (citation omitted). "To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to h[is] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183

(9th Cir. 2020).

Here, the BIA denied CAT relief because Petitioner did not establish that she would likely be tortured by or at the acquiescence of the Guatemalan government. The IJ found that Petitioner feared harm at the hands of private individuals and that the Guatemalan government prohibits torture and "actively, albeit not entirely successfully, combats" violence and crime. Petitioner relied solely upon country condition evidence to claim that she faces a "heighted [sic] exposure to risk" based on her "family unit's composition." However, such evidence does not compel the conclusion that the Guatemalan government would participate in or acquiesce to Petitioner's torture if Petitioner is removed to Guatemala. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) ("Generalized evidence of violence in a country is itself insufficient to establish that anyone in the government would acquiesce to a petitioner's torture.").[2]

**PETITION DENIED.**

---

[2] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. No. 2. The motion for stay of removal is otherwise denied. *See id*.

25-1334