NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUCIA MAGALLON CALLEJA, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-3916 Agency No. A208-605-602 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2025**
Pasadena, California

Before: TALLMAN, IKUTA, and R. NELSON, Circuit Judges.

Lucia Magallon Calleja, a native and citizen of Mexico, petitions for review
of a Board of Immigration Appeals (BIA) decision denying her untimely motion to
reopen removal proceedings. She argues that the BIA abused its discretion in
denying reopening based on claims of ineffective assistance of counsel and

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

materially changed country conditions in Mexico. She also challenges the BIA's discretionary denial of sua sponte reopening. We have jurisdiction under 8 U.S.C. § 1252 and review the BIA's denial of reopening for abuse of discretion. *Suate-Orellana v. Garland*, 101 F.4th 624, 628 (9th Cir. 2024). We deny the petition.

1.     The BIA did not abuse its discretion in denying Magallon Calleja's motion to reopen based on the alleged ineffective assistance of her prior counsel. For such claims, *Matter of Lozada* requires that the movant (1) provide an affidavit detailing their agreement with counsel, (2) inform counsel of the allegations of deficient performance and give them a chance to respond, and (3) either file a complaint with the proper disciplinary authorities or explain why no filing was made. *Melkonian v. Ashcroft*, 320 F.3d 1061, 1071–72 (9th Cir. 2003) (citing *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988)). Magallon Calleja concedes that, while she submitted an affidavit describing her prior counsel's alleged ineffective assistance, she never informed counsel of the allegations or reported her to the appropriate disciplinary authorities. Thus, Magallon Calleja cannot show that the BIA abused its discretion given her admitted noncompliance with *Matter of Lozada*.

Nor has Magallon Calleja shown "a clear and obvious case of ineffective assistance" excusing compliance with *Matter of Lozada*. *Correa-Rivera v. Holder*, 706 F.3d 1128, 1131 (9th Cir. 2013) (quoting *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002)). Magallon Calleja alleges that her prior counsel "clearly did

not effectively represent her" before the immigration judge and failed to adequately prepare Magallon Calleja for her hearing. But Magallon Calleja does not explain how she was inadequately prepared, relying instead on summary assertions about her counsel's allegedly defective performance. The record does not support Magallon Calleja's claims of ineffective assistance.

2. The BIA did not abuse its discretion in denying Magallon Calleja's motion to reopen based on materially changed country conditions in Mexico. Magallon Calleja's new articles and country reports describe the continued existence of cartel violence in Mexico; they do not explain how that violence has materially changed since Magallon Calleja's prior submissions. *See Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021) ("General references to 'continuing' or 'remaining' problems is not evidence of a *change* in a country's conditions." (citing *Najmabadi v. Holder*, 597 F.3d 983, 989 (9th Cir. 2010))). To the extent Magallon Calleja elaborates on this later-submitted evidence, she relies on conclusory claims that "gangs and or cartels were more violent than ever in Mexico," and that an escalation in violence in Mexico is "clear on the face of the evidence." Because Magallon Calleja did not meet her "heavy burden" of showing "qualitatively different" evidence of changed country conditions in Mexico, *id.* at 1208, the BIA properly exercised its discretion in denying her motion to reopen on this ground.

3. Magallon Calleja's challenge to the BIA's denial of sua sponte

reopening also fails. We lack jurisdiction to review the BIA's discretionary exercise of its sua sponte authority, unless it implicates a legal or constitutional error. *See, e.g.*, *Cui v. Garland*, 13 F.4th 991, 1001 (9th Cir. 2021) (citing *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016)). Magallon Calleja's argument that her case "warranted a favorable exercise of discretion" by the BIA because of "humanitarian concerns" does not raise a question of law or a constitutional challenge that we retain jurisdiction to review.

**PETITION DENIED IN PART AND DISMISSED IN PART.**