**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANELIA ABIGAIL ALVAREZ
VELASQUEZ, et al.,

    Petitioners,

 v.

PAMELA J. BONDI,
United States Attorney General,

    Respondent.

No. 24-116

Agency Nos.
A220-920-824
A220-920-825

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2025[**]
San Francisco, California

Before: M. SMITH and BRESS, Circuit Judges, and MORRIS, District Judge.[***]

Danelia Abigail Alvarez Velasquez ("Alvarez Velasquez"), collectively with

her minor son, natives and citizens of Honduras, petitions for review of an order of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

the Board of Immigration Appeals ("BIA") dismissing her appeal of an order from an Immigration Judge ("IJ") (collectively, "the Agency"), which denied Alvarez Velasquez's applications for asylum, withholding removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

We apply a highly deferential "substantial evidence" standard to the Agency's findings of fact. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). The Agency's findings of fact are considered "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review de novo questions of law. *Ruiz-Colmenares*, 25 F.4th at 748. When "the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)).

1. To establish eligibility for asylum and withholding of removal, Alvarez Velasquez must show a nexus between past or feared future persecution and a statutorily protected ground. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i),

---

[1] Alvarez Velasquez did not challenge the IJ's finding that she was ineligible for protection under CAT before the BIA, and, on appeal, Alvarez Velasquez challenges the denial of CAT relief only in the context of her claim for ineffective assistance of counsel. Therefore, we will address Alvarez Velasquez's CAT claim in the context of her ineffective assistance claim.

1231(b)(3)(A); *Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010). Substantial evidence supports the Agency's conclusion that Alvarez Velasquez failed to establish that past persecution had occurred, *see Sharma v. Garland*, 9 F.4th 1052, 1060–63 (9th Cir. 2021), or that it was on account of a protected ground. Alvarez Velasquez witnessed a single act of violence. Two assassins murdered a man in Alvarez Velasquez's vicinity while she waited at a bus stop. One assassin assaulted and threatened Alvarez Velasquez at gunpoint. Alvarez Velasquez did not establish that the assassins threatened her on account of any protected status. *See Zetino*, 622 F.3d at 1016 ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). The record demonstrates instead that the assassin targeted Alvarez Velasquez because she had witnessed a crime.

2. A noncitizen claiming ineffective assistance of counsel must file a motion to reopen before the BIA. *See e.g., Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007); *Correa-Rivera v. Holder*, 706 F.3d 1128, 1130 (9th Cir. 2013). Before filing a motion to reopen based on ineffective assistance of counsel with the BIA, there are several procedural requirements that must be followed. *See Correa-Rivera*, 706 F.3d at 1131 (citing *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988)). These procedural requirements may be circumvented when the record shows a "clear and obvious"

case of ineffective assistance of counsel. *Id.*

Alvarez Velasquez's claim of ineffective assistance of counsel stems from her prior counsel not challenging, before the BIA, the IJ's determination that Alvarez Velasquez was ineligible for CAT protection. Alvarez Velasquez did not file a motion to reopen before the BIA and she did not follow the procedural requirements of *Matter of Lozada*. *Liu*, 55 F.3d at 424; *Reyes v. Ashcroft*, 358 F.3d 592, 596–99 (9th Cir. 2004) (discussing ineffective assistance of counsel claims under *Lozada*'s framework). Given the lack of evidence of past or likely future torture, the record also shows no "clear and obvious" case of ineffective assistance. *Correa-Rivera*, 706 F.3d at 1131. Alvarez Velasquez's former counsel filed a brief before the BIA challenging the IJ's denial of asylum and withholding of removal. The record lacks evidence that the choice not to challenge the IJ's CAT denial rises to the level of clear and obvious ineffective assistance. *Cf. Torres-Chavez v. Holder*, 567 F.3d 1096, 1101 (9th Cir. 2009) ("Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment." (quoting *Strickland v. Washington*, 466 U.S. 668, 681 (1984))). "In the absence of a developed record on this point, [the court] cannot conclude that this bare-bones record demonstrates a 'clear and obvious case of ineffective assistance.'" *Puga*, 488 F.3d at 816 (quoting *Rodriguez-Lariz v. INS*, 282

F.3d 1218, 1227 (9th Cir. 2002)).

**PETITION DENIED.**